Alex Umansky, Esq. (AU7961)
Howard A. Matalon, Esq. (HM6100)
OlenderFeldman LLP
422 Morris Avenue
Summit, New Jersey 07901
(908) 964-2446
*Attorneys for Plaintiff,*
*Caesar DePaço*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAESAR DEPAÇO, | **Civil Action No.** |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TRUST IN NEWS UNIPESSOAL LDA., MIGUEL CARVALHO, MAFALDA ANJOS, and JOHN DOES 1 through 10, said names being fictitious and unknown persons | |
| Defendants. | |

Plaintiff, Caesar DePaço ("Plaintiff" or "DePaço"), by and through his attorneys, OlenderFeldman, LLP, says by way of Complaint against Defendants, Trust In News Unipessoal LDA., Miguel Carvalho, and Mafalda Anjos ("Defendants") as follows:

### Nature of the action

1.      This is an action by DePaço for compensatory damages, consequential damages, presumed damages, and legal fees associated with Defendants' defamatory attacks and allegations against Plaintiff's reputation and image by disseminating untruths against him in the international media.

**PARTIES**

2.     Plaintiff, Caesar DePaço ("Plaintiff"), is an individual residing in the County of Somerset in the State of New Jersey.

3.     Defendant Trust In News Unipessoal LDA. ("Trust In News") is a foreign corporate entity with its principal place of business in Portugal.

4.     Defendant Miguel Carvalho is a citizen of Portugal and, upon information and belief, a director, employee and/or agent of Trust In News.

5.     Defendant Mafalda Anjos is a citizen of Portugal and, upon information and belief, a director, employee and/or agent of Trust In News.

6.     Defendants, John Does 1 through 10, are individuals whose identities are presently unknown to Plaintiff, including, but not limited to, publishers, editors, journalists, videographers, officers, managers, owners, principals, employees, agents and/or other duly authorized individuals who caused or contributed to the incident or incidents for which Plaintiff seeks damages, and/or are vicariously and/or otherwise liable for the acts, commissions, or other culpable conduct of those who did cause or contribute to the incidents alleged.

**JURISDICTION**

7.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of fees and costs.  There is complete diversity of citizenship between the parties.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the Plaintiff's

claims occurred in this District. In the alternative, to the extent 28 U.S.C. § 1391(b)(2) is not applicable, Venue is proper in accordance with 28 U.S.C. § 1391(b)(3).

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff is a Portuguese businessperson, residing in the state of New Jersey, United States, and when in Portugal, resides in the city of Cascais.

10.     Plaintiff is the Chief Executive Officer of Summit Nutritionals International, Inc., in the United States, and its Portuguese branch, Summit Nutritionals International, Inc. – SUCURSAL EM PORTUGAL.

11.     Plaintiff DePaço acquired a prominent public profile and image as the Honorary Consul of Portugal in Palm Coast, Florida and subsequently also became the Honorary Consul of Cape Verde, off of the West Coast of Africa, with a significant Portuguese population.

12.     Plaintiff established the Honorary Consul of Portugal, among other things, to assist his compatriots of renewal of their citizenship and passports in the United States.

13.     Plaintiff solely funded and maintained the physical building, staff, and services provided by the Honorary Consul of Portugal in Florida.

14.     Defendant Trust In News is the proprietor and publisher of Revista Visao, a Portuguese weekly magazine, which is published in hard copy and online[1], with a quarterly print run of approximately 24,523 printed copies and 2,082 digital copies, all paid for.

15.     On or about February 25, 2022, Plaintiff became aware that on or about May 19, 2021, Defendants published an article in the digital version of Revista Visao[2] entitled: ***"PSD: The***

---

[1] *See* https://visao.sapo.pt/ (last accessed August 8, 2022).
[2] *See* https://visao.sapo.pt/atualidade/politica/2021-05-19- psd-o-embaraco-cesar-do-paco/ (last accessed August 8, 2022).

*embarrassment Cesar do Paco"*, attached hereto as Exhibit A, which was disseminated through Defendants' digital platforms (hereinafter referred to as the "Article").

16.     Defendant Miguel Carvalho ("Carvalho") is a journalist at Defendant Trust In News or "Grande Reporter" who authored the defamatory Article.

17.     Defendant Mafalda Anjos ("Anjos") is a journalist and an editor at Defendant Trust In News who edited the defamatory Article.

18.     Defendants Carvalho and Anjos are featured in and credited as the journalists responsible for the Article.

19.     The Article concocts an egregiously false and sensationalized narrative revolving around Plaintiff's alleged support and finance of Chega ("Chega"), a far a far-right political party formed by Andre Ventura that opposes the Social Democratic Party of Portugal ("PSD") and is widely considered to hold xenophobic and racist views, all for the purpose of defaming Plaintiff and depicting him a vile and defamatory light.

20.     Specifically, Defendants created and published the Article upon learning that one of its members, Dr. Rui Barreira, in his capacity as an attorney, agreed to represent Plaintiff, who is described as a *"Financer of Chega!"*

21.     The Article describes Defendants' disapproval of Dr. Barreira's representation of Plaintiff, by falsely claiming (as translated into English) that Plaintiff is *"a businessman and supporter of Ventura's party, who is linked with the various suspicions regarding his professional history, who has featured in various court cases, in which he has been the unsuccessful party, according to investigations by VISAO and SIC (...)"*

22.     The foregoing allegations in Paragraphs 18-20 are false, misleading, and highly defamatory to Plaintiff.

23.     Plaintiff is not, and has never been, a "financier" of Chega, or any other political party.

24.     Plaintiff is not a sympathizer, sponsor, supporter, backer, founder, advisor, strategist or in any way affiliated with Chega.

25.     Plaintiff has absolutely no involvement with the Portuguese courts to justify the false allegation that he was "***featured in various court cases, in which he has been the unsuccessful party…***"

26.     Therefore, Defendants' statements that Plaintiff is a "supporter" or "financier" of Chega are demonstrably false and were asserted without a scintilla of supporting evidence.

27.     Plaintiff vehemently opposes fascist, extreme right-wing and racist ideals and takes great offense to the Article's attempt to associate him with such reprehensible and disturbing beliefs.

28.     Defendants' attempt to connect Plaintiff with such vile and offensive beliefs is an egregious and malicious attempt to assassinate Plaintiff's character and upstanding reputation in the community.

29.     Plaintiff has already filed a criminal complaint against Defendants with the Office of the Public Prosecutor of the Western Lisbon Judicial District, Cascais, Portugal, regarding the above defamatory allegations against Plaintiff.

30.     Defendants' statements set forth in the Article are false, defamatory and complete fabrications with no basis in fact.

31.     As set forth herein, the false statements, misrepresentations and innuendo set forth by Defendants in the Article are highly damaging and defamatory to Plaintiff.

32.     Defendants were aware, or should have been aware that their misleading, false and defamatory statements in the Article would cause substantial harm to Plaintiff.

33.     Nonetheless, Defendants proceeded to disseminate, distribute, broadcast and/or publish the false, misleading and defamatory statements contained in the Article, knowing that they would cause substantial harm to Plaintiff.

34.     Defendants disseminated, broadcasted and/or published these statements knowingly that they were false or made them with reckless disregard for the truth.

35.     To the extent actual malice is required to be pleaded and proven, Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

36.     As a direct and/or proximate result of Defendants' actions and their dissemination of egregious falsehoods, Plaintiff has suffered substantial harm, including, but not limited to, dismissal from his position as Honorary Consul of Cape Verde, tarnished reputation, economic injury, loss of economic advantage, loss of profits, depiction in a false light and damage to public image.

## COUNT I
## (DEFAMATION)

37.     Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

38.     Defendants disseminated, distributed, broadcaster and/or published false and defamatory statements regarding Plaintiff, as fully set forth in this Complaint, including, but not limited to, those statements made in the Article, as fully set forth in Paragraphs 18-20.

39.     Defendants' false statements were disseminated through Revista Visao and distributed, broadcasted and/or circulated internationally, including in the United States.

40.     Defendants' false statements were of and concerning Plaintiff.

41.     Defendants' conduct in disseminating, distributing, broadcasting and/or publishing the false statements was, at a minimum, negligent.

42.     To the extent actual malice is required to be pleaded and proven, Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

43.     Defendants' false statements are not protected by any privilege or authorization. Defendants' conduct was willful, malicious, and oppressive, in that Defendants knew that the false statements would cause significant harm to Plaintiff. As such, in addition to compensatory damages and/or presumed damages, Plaintiff demands punitive damages relating to Defendants' dissemination, circulation, publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

44.     Defendants' false and defamatory statements in the Article constitute defamation. In addition, Plaintiff has incurred special harm as a direct result of the false statements, including, but not limited to, his dismissal from his position as Honorary Consul of Cape Verde. Whether by defamation or by special harm, Plaintiff has incurred, is suffering and will continue to suffer damages.

45.     Plaintiff is entitled to damages, costs, and fees as permitted by law.

## COUNT II
## (FALSE LIGHT)

46.     Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

47.     Defendants published and disseminated the false statements set forth in the Article, as fully set forth in Paragraphs 18-20, through Revista Visao, which is disseminated,

distributed, broadcasted and/or circulated to the public internationally by digital media.

48.     Defendants' false and defamatory publicized statements are of and concerning Plaintiff.

49.     Defendants knew or should have known that their publicized statements were false and would place Plaintiff in a false light and/or acted with reckless disregard as to whether the publicized statements were false and the false impression created by their publication of same.

50.     Defendants' publicized statements misrepresented Plaintiff's character, history and beliefs to such a degree that a reasonable person would find the statements highly offensive.

51.     Defendant's publicized statements placed Plaintiff in a false light and, as a direct result thereof, caused Plaintiff to incur, and continue to incur, damages.
Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

<b><u>COUNT III</u></b><br><b><u>(TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)</u></b>

52.     Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

53.     At all relevant times, Plaintiff has had protected interests in his serving in his position as Honorary Consul of Cape Verde as well as in his other business relationships and dealings, including in his position as owner of Summit Nutritionals International, Inc. and other business endeavors.

54.     Defendants knew of these protected interests in Plaintiff's advantageous business and potential business relationships.

55.     Under the guise of journalism, Defendants intentionally, wrongfully and without justification disseminated false and defamatory statements about Plaintiff and viciously attacked

and defamed Plaintiff's character for the purpose of causing Plaintiff to lose his position as Honorary Consul of Cape Verde and otherwise interfere with and/or harm Plaintiff's business relationships and potential business relationships.

56.     As a result of Defendants' false and defamatory statements, Plaintiff was dismissed from his position as Honorary Consul of Cape Verde, his reputation has been tarnished, and customers, dealers, suppliers, and other business associates of Plaintiff have refused to do business with him and/or his companies.

57.     The aforementioned business opportunities were reasonably likely to have occurred but for Defendants' interference, resulting in damage to Plaintiff in the form of tarnished reputation, loss of good will, and loss of profits and/or business opportunities.

58.     Defendants acted maliciously and in bad faith in disseminating their false and defamatory statements and intentionally and tortiously interfered with Plaintiff's business relationships.

59.     Defendants made the false statements knowing that they were false and/or misleading when made and did so for the purpose of intentionally interfering with Plaintiff's service in his position of Honorary Consul of Cape Verde and harming his other business relations and opportunities.

60.     Defendants' conduct constitutes tortious interference with economic advantage.

61.     As a direct and proximate result of the tortious interference of Defendants, Plaintiff has incurred, and will continue to incur, damages.

62.     Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

## COUNT IV
## (LIBEL)

63.     Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

64.     Defendants' conduct in publishing in writing the false statements contained in the Article was, at a minimum, negligent.

65.     To the extent actual malice is required to be pleaded and proven, Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

66.     Defendants' conduct was willful, malicious, and oppressive, in that Defendants knew that the false statements would cause significant harm to Plaintiff. As such, in addition to compensatory damages and/or presumed damages, Plaintiff demands punitive damages relating to Defendants' publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

67.     Defendants' false and defamatory statements constitute libel.

68.     Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

## COUNT V
## (SLANDER)

69.     Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

70.     Defendants' conduct in broadcasting and communicating the false statements contained in the Article was, at a minimum, negligent.

71.     To the extent actual malice is required to be pleaded and proven, Defendants made

the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

72.    Defendants' conduct was willful, malicious, and oppressive, in that Defendants knew that the false statements would cause significant harm to Plaintiff. As such, in addition to compensatory damages and/or presumed damages, Plaintiff demands punitive damages relating to Defendants' publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

73.    Defendants' false and defamatory statements constitute slander.

74.    Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

a.   Injunctive relief requiring Defendants to rescind and retract all of the false statements made against Plaintiff;

b.   Awarding Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

c.   Awarding Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

d.   Enjoining Defendants from continuing their unlawful conduct, including but not limited to, enjoining Defendants from making the false statements complained of herein;

e.   Awarding Plaintiff his attorneys' fees, costs, and disbursements; and

f.   For such other relief as the Court deems equitable, just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**OLENDERFELDMAN LLP**
*Attorneys for Plaintiff,*
*Caesar DePaço*

By: */s/Alex Umansky*
        ALEX UMANSKY, ESQ.

Dated: August 10, 2022